

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–15–96

|  |  |
|---|---|
| | Opinion Delivered September 23, 2015 |
| JAVAUGHNTAIYE JAMAR WILLIS<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2014-114-1] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE WILLIAM A. STOREY, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Javaughntaiye Willis appeals his conviction for accomplice to rape, arguing that the State presented insufficient evidence that he engaged in sexual intercourse or deviate sexual activity. Because his argument is not preserved, we affirm Willis's conviction.

In a felony information filed in January 2014, Willis was charged with rape, second-degree sexual assault, second-degree battery, and terroristic threatening. The information was later amended to include a second charge of rape and a habitual-offender enhancement; a second amended information charged Willis as an accomplice on all charges. The State alleged that Willis, an inmate at the Washington County jail, committed these acts against a fellow inmate.

At a jury trial held in November 2014, the State presented the testimony of the victim as well as two other inmates who witnessed the assaults. After the State rested, Willis's counsel moved for a directed verdict on the rape charges because "the prosecutor

has not put on sufficient proof for the case to go to a jury." This motion was denied. After Willis testified in his defense, the motion was renewed and again denied. The jury found Willis guilty as an accomplice to all charges, and he was sentenced to an aggregate term of 120 years' imprisonment.

On appeal, Willis argues that the circuit court erred in not granting his motion for directed verdict on the second accomplice-to-rape charge because the State presented insufficient evidence of deviate sexual activity as defined by Ark. Code Ann. § 5-14-101(1)(B) (Repl. 2013). However, as shown above, Willis failed to make this argument to the circuit court and instead made only a general motion for directed verdict.

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure (2014) provides, "In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor." Subsection (c) of Rule 33.1 states that a motion for directed verdict must specify in what respect the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues relating to a specific deficiency such as insufficient proof on the elements of the offense. The failure to challenge the sufficiency of the evidence in the manner required in subsection (a) constitutes a waiver of any question with regard to the sufficiency of the evidence. Ark. R. Crim. P. 33.1(c).

In this case, counsel's motion for directed verdict failed to state with specificity the deficiency in the State's evidence, in contravention of the requirements of Rule 33.1. For

this reason, the sufficiency of the evidence is not preserved for appellate review, and we therefore affirm Willis's conviction.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*John Barry Baker*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.